

Lonnie E. Larson
2814 Brooks Street, #428
Missoula, Montana 59801
(406) 451-2439
Nofax Email: Mtlars@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| LONNIE E. LARSON<br>2814 Brooks Street, #428<br>Missoula, Montana 59801<br><br>      Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.<br>1209 Orange Street<br>Wilmington, Delaware, 19801<br><br>SERVE:<br>C T CORPORATION SYSTEM<br>P.O. Box 7054<br>401 North 31st Street, Suite 1650<br>Billings, Montana 59103-7054<br><br>and<br><br>JEFFERSON BUS COMPANY<br>2100 East 26th Street<br>Minneapolis, Minnesota 55404<br><br>SERVE:<br>C T CORPORATION SYSTEM | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.*CV-09-116-M-DWM-JCL*<br><br>**VERIFIED<br>COMPLAINT** |

P.O. Box 7054                                      )
401 North 31st Street, Suite 1650                  )
Billings, Montana 59103-7054                       )
                                                   )
            Defendants.                            )
_____)

## JURISDICTION AND VENUE

1. Plaintiff is a resident of the state of Montana for health and medical related reasons.

2. Defendant Greyhound Lines, Inc. ("Greyhound") is a licensed foreign company organized and existing under the laws of the State of Delaware whose principal place of business is located at Wilmington, Delaware. Defendant is an commercial bus lines transportation company who provided transportation to Plaintiff. Defendant may be served in Montana by serving its registered agent for service of process C T Corporation System, 401 North 31st Street, Suite 1650, Billings, Montana 59103-7054.

3. Defendant Jefferson Bus Company ("Jefferson") is a licensed foreign company organized and existing under the laws of the State of Minnesota whose principal place of business is located at Minneapolis, Minnesota. Defendant is an commercial bus lines transportation operator company who provided transportation to Plaintiff. Defendant may be served in Montana by serving its

2

registered agent for service of process C T Corporation System, 401 North 31st

Street, Suite 1650, Billings, Montana  59103-7054.

4.  This Court has subject matter jurisdiction over this lawsuit pursuant to

28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different

states, and the amount in controversy exceeds $75,000 including interest and

costs.  The Court has subject matter jurisdiction over this lawsuit pursuant to 28

U.S.C. § 1331 because Plaintiff's Americans with Disabilities Act claims present a

federal question. This Court has jurisdiction to award declaratory relief pursuant to

28 U.S.C. § 2201.  This Court has jurisdiction to award injunctive relief pursuant

to 28 U.S.C. § 2202. This Court has ancillary and/or supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law causes of action.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3)

because the causes of action arose in this district, Defendant did business within

this district, and pursuant to 28 U.S.C. § 124(c)(3) Plaintiff is now resides in this

district.  Defendant committed tortious acts within this district in Montana.

## FACTUAL ALLEGATIONS

6.  Plaintiff suffered work related accident injuries in Hawaii on a federal &

state funded construction project and is now permanently disabled from this

accident according to the Social Security Administration and Hawaii Disability

3

Rights Center.

7. Plaintiff is a military veteran with a permanent disability rating according to the Social Security Administration (SSDI). He is 56 years old, 6 feet tall, and weighs 200 pounds. Plaintiff uses a cane on a daily basis. He is authorized a service guide dog who weighs 65 pounds. His service dog has a correct tag and two 3 inch square service patches on each side of the dual pack she carries for Plaintiff's mobility disabilities, clearly marked as a service animal and not a pet.

8. On April 3, 2008 Plaintiff finished his medical appointment at John Hopkins University Medical Center. He had purchased, in Montana, a Greyhound bus ticket for round trip travel from Missoula, Montana to Baltimore, Maryland. While waiting to board the bus at the Baltimore Greyhound Bus Terminal for his scheduled departure at 9:50 p.m. Plaintiff was approached by a uniformed Greyhound Security Officer who detained Plaintiff and demanded identification for Plaintiff's service dog notwithstanding the clearly visible service dog patches, service tag, identification tag, and her vaccination record and medical necessity for her use by Plaintiff. The security officer also asked Plaintiff his destination and his bus ticket. He then stated Plaintiff would have to leave on the next bus to Pittsburgh, Pennsylvania instead of his scheduled departure bus which had fewer delays. This adverse action caused a five hour delay to Plaintiff's travel waiting

4

for a connecting bus in Pittsburgh and an 8 hour layover in Chicago. This adverse

action also Plaintiff to be placed in a stand by passenger category while in

Pittsburgh. The security officer later admitted he had never encountered a service

animal with a back pack or the breed of dog before this incident.

9. Defendant Jefferson operated the Greyhound bus furnished from MCI

Sales and Service, Inc., on the route from Minneapolis to Missoula. In

Sheridan, Wyoming and in Butte, Montana, on April 4-5, 2008, due to over-

booking, the seat previously furnished Plaintiff for his service animal was taken

away forcing Plaintiff to cram his dog under his legs. Plaintiff suffered re-injury

of his chronic pain soreness to his legs, knees, neck and left elbow during the

approximate two hour trip.

10. Plaintiff made settlement offers to Defendants. Defendants

unreasonably refused these offers and requests.

## COUNT I
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11. Plaintiff hereby incorporates by reference the factual allegations

contained in paragraphs 1-10 above.

12. Defendants' conduct was a substantial invasion of a legally protected

interest which caused a significant impact upon Plaintiff.

5

13. As a result of Defendants' conduct, Plaintiff suffered injury, including mental suffering, mental anguish, mental or nervous shock, or the like. Plaintiff also suffered injury including highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

14. Defendants' conduct caused a significant impact upon Plaintiff including emotional distress so severe that no reasonable person could be expected to endure it.

15. The serious or severe emotional distress caused to the Plaintiff was the reasonably foreseeable consequence of Defendants' negligent acts or omissions.

16. Defendants are jointly and severally liable to Plaintiff for the injuries he suffered.

17. Plaintiff demands compensatory damages for the injuries suffered caused by Defendants' conduct.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-17 above.

19. Defendants' conduct was willful and intentional or malicious wrongs.

6

Defendants' conduct was willful, malicious, gross negligence, or reckless

disregard for the rights of Plaintiff. Defendants acted with malice, fraud, gross

negligence, or oppressiveness which was not the result of a mistake of fact or law,

honest error or judgment, overzealousness, mere negligence, or other human

failing.

20. The serious or severe emotional distress caused to the plaintiff was the

reasonably foreseeable consequence of the Defendants' intentional acts or

omissions.

21. Defendants are jointly and severally liable to Plaintiff for the injuries he

suffered.

22. Plaintiff demands compensatory damages and punitive damages for the

injuries suffered caused by Defendants' conduct pursuant to MCA § 27-1-220.

COUNT III<br>UNLAWFUL DISCRIMINATION UNDER THE ADA

23. Plaintiff hereby incorporates by reference the factual allegations

contained in paragraphs 1-22 above.

24. Plaintiff has a disability within the meaning of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.. Plaintiff has a physical or

mental impairment that substantially limits one or more of the major life activities

7

of Plaintiff. These activities include walking, working, sleeping, thinking, and concentrating. Plaintiff has a record of such an impairment. Plaintiff is being regarded as having such an impairment. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

25. Plaintiff meets the essential eligibility requirements for public transportation. Plaintiff's guide dog is a service animal within the meaning of the ADA. Plaintiff's guide dog is a service animal within the meaning of 49 C.F.R. Subtitle A, § 37.3. Plaintiff's guide dog is a service animal within the meaning of 28 C.F.R. § 36.302(c).

26. Defendants are private entities within the meaning of the Americans with Disabilities Act. Defendants are public entities within the meaning of furnishing public transportation as defined in the ADA.

27. Section 304 of the Americans with Disability Act, 42 U.S.C. § 12184, entitled "Prohibition of Discrimination in Specified Public Transportation Services Provided by Private Entities", states in pertinent part as follows:

(a) General Rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

28. 28 C.F.R. § 36.201(a) provides that:

8

Prohibition of discrimination. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation.

29. Defendant placed undue burdens on Plaintiff that involved significant difficulty or expense in violation of the ADA. Defendants denied reasonable accommodations for Plaintiff. Defendants discriminated against Plaintiff, a qualified individual on the basis of his disabilities.

30. Defendant discriminated against Plaintiff, a qualified individual with a disability shall, in violation of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 36.201(a), by excluding him from participation in or denying the benefits of services, programs, or activities of a public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability. Defendants violated 28 C.F.R. § 36.302(c) "Service animals" (1) by not modifying their policies, practices, or procedures to permit Plaintiff's use of a service animal.

31. 42 U.S.C. § 12182(b) prohibits participation in unequal benefits:

It shall be discriminatory to afford an individual . . . on the basis of a disability . . . with the opportunity to participate in or benefit from a good . . . that is not equal to that afforded to other individuals.

(iii) Separate benefit

9

It shall be discriminatory to provide an individual . . . on the basis of
a disability . . . with a good . . . that is different or separate from that
provided to other individuals, unless such action is necessary to
provide the individual or class of individuals with a good, service,
facility, privilege, advantage, or accommodation, or other opportunity
that is as effective as that provided to others.

42 U.S.C. §§ 12182(b)(1)(A)(ii)-(iii).

32.  49 C.F.R. § 37.5, "Nondiscrimination", subsection (a) states: "No entity

shall discriminate against an individual with a disability in connection with the

provision of transportation service.  49 C.F.R. § 37.5 subsection (f) states:

Private entities that are primarily engaged in the business of
transporting people and whose operations affect commerce shall not
discriminate against any individual on the basis of disability in the
full and equal enjoyment of specified transportation services.  This
obligation includes, with respect to the provision of transportation
services, compliance with the requirements of the rules of the
Department of Justice concerning eligibility criteria, making
reasonable modifications, providing auxiliary aids and services, and
removing barriers (28 CFR 36.301–36.306).

49 C.F.R. § 37.167, "Other service requirements", subsection (d) states: "The

entity shall permit service animals to accompany individuals with disabilities in

vehicles and facilities".

33.  Defendant Greyhound's bus terminal in Baltimore, Maryland, is a place

of public accommodations within the meaning of 42 U.S.C. § 12181(7)(G).

Greyhound discriminated against Plaintiff by detaining him, interrogating him

about his clearly marked service animal and disabilities and changing his bus
departure time at the Greyhound Bus Terminal in Baltimore, Maryland on the
basis of his disability in violation of the ADA, 42 U.S.C. § 12132; 42 U.S.C. §
12182(a) & (b); 42 U.S.C. § 12184(a); 28 C.F.R. § 36.201(a); 28 C.F.R. §§
36.301–36.306; 49 C.F.R. § 37.5(a); 49 C.F.R. § 37.5(f); and, 49 C.F.R. §
37.167(d).

34.  Defendants Greyhound and Jefferson discriminated against Plaintiff on
the basis of his disabilities by refusing to accommodate himself and his service
animal on route between Sheridan, Wyoming and Butte and Missoula Montana on
April 4-5, 2008 in violation of the ADA, 42 U.S.C. § 12132; 42 U.S.C. § 12182(a)
& (b); 42 U.S.C. § 12184(a); 28 C.F.R. § 36.201(a); 28 C.F.R. §§ 36.301–36.306;
49 C.F.R. § 37.5(a); 49 C.F.R. § 37.5(f); and, 49 C.F.R. § 37.167(d).

35.  Defendants' actions as alleged herein have resulted in and will continue
to result in irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment on his claims in the form of
declaratory, injunctive and monetary relief, including punitive damages, in the
amount of $75,001.00 and prejudgment interest and any other relief that is just and

11

proper.

Respectfully submitted,

DATED: August 7, 2009

Lonnie E. Larson
Plaintiff, pro se

This document is prepared by assistance with my health and disability issues.

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

DATE: August 7, 2009

Lonnie E. Larson
Plaintiff

State of Montana
County of Gallatin
City of Bozeman

Subscribed and sworn to before me on this 7th day of August 2009, A.D.

My commission expires on March 24th, 2012.

SERAH J WILLIS
NOTARY PUBLIC-MONTANA
Residing at Bozeman, Montana
My Comm. Expires March 24, 2012

Notary Public for the State of Montana

12